

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

DEC 2 8 2017

ARTHUR JOHNSTON
BY _____ DEPUTY

**IN THE UNITED STATES DISTIRCT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**SHANTELL JOHNSON**                                    **PLAINTIFF**

**V.**                                    CASE NO. _3:17cv1032-DPJ-FKB_

**HINDS COUNTY, MISSISSIPPI,
HINDS COUNTY SHERIFF'S OFFICE,
VICTOR MASON, PAM TURNER, AND
JOHN DOES 1-10**                                    **DEFENDANTS**

---

## COMPLAINT

---

COMES NOW Shantell Johnson, by and through counsel, and file this Complaint and would show unto the Court the following:

### JURISDICTION AND VENUE

1.      Plaintiff brings this Complaint under 42 USC § 1983 and the Mississippi Tort Claims Act for damages inflicted by the Defendants acting under color of law resulting from the deprivation of rights, privileges, and immunities secured to the Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and under the laws of Mississippi. The jurisdiction of this Court is invoked under 28 USC § 1331 and 1343. Plaintiff also invokes the pendant jurisdiction of this Court. Venue is proper in this jurisdiction as the incidents complained of occurred in this district. Plaintiff alleges as follows:

### PARTIES

2.      Plaintiff Shantell Johnson is an individual who is a resident of Jackson, Hinds County, Mississippi.

1

3.      Defendant, Hinds County, Mississippi, is a political subdivision of the State of Mississippi, organized and existing under the laws of the State of Mississippi ("Hinds County" or the "County").

4.      Defendant Victor Mason, is the Sheriff of Hinds County, Mississippi and is named as a defendant in his official capacity as Sheriff ("Sheriff").

5.      Defendant, Hinds County Sheriff's Office, is a political subdivision of the State of Mississippi or an instrumentality thereof ("HCSO").

6.      Defendant, Pam Turner, is a deputy with the HCSO and was acting in her capacity as a HCSO deputy at all times pertinent to this Complaint.

7.      John Does 1-10 are presently unknown deputies with the HCSO and/or are other county personnel and were acting in their capacities as deputies or Hinds County Personnel at all times pertinent to this Complaint.

## FACTUAL BACKGROUND

**October 13, 2016, Traffic Stop:**

8.      Defendant, Pam Turner, and an unknown HCSO deputy illegally stopped Ms. Johnson on Terry Road on October 13, 2016, without probable cause or a warrant to ask her if she knew an unnamed person in a picture they showed her.  Ms. Johnson told the deputies that she did not know the person in the picture they showed her.  Ms. Johnson still does not even know the name of the person in the picture the deputies showed her.

9.    Defendant, Pam Turner, and an unknown HCSO deputy falsely imprisoned Ms. Johnson on October 13, 2016, on Terry Road while interrogating her as to whether she knew the person in a picture when they stopped and held her without probable cause, without a warrant, and without her permission.

10.    Pam Turner, and a HCSO deputy abused their power and harassed Ms. Johnson on October 13, 2016, on Terry Road while interrogating her as to whether she knew the person in a picture when they stopped and held her without probable cause, without a warrant, and without her permission.

**October 13, 2016, Improper Entry and Search:**

11.    Pam Turner, and John Does # 1 – 10 then followed Ms. Johnson to her residence at 153 Carmel Avenue, Jackson, MS, Hinds County, to question Ms. Johnson's son, Chris, as to whether he knew the person in the picture.

12.    Ms. Johnson asked Pam Turner and an unknown HCSO deputy to wait outside the house while she secured her dog and checked the house to see if her son, Chris was at home.

13.    After securing her dog in his kennel and discovering that Chris was not at home, Ms. Johnson returned to the front door to tell Pam Turner and an unknown HCSO deputy that Chris was not at home but that she had called him and asked him to return home to speak to the deputies.

14.    At that point, Pam Turner and an unknown HCSO deputy pushed past Ms. Johnson and entered Ms. Johnson's home without probable cause, without a warrant, and without her permission.

15.     Pam Turner and an unknown HCSO deputy trespassed unlawfully into Ms. Johnson's home without probable cause, without a warrant, and without her permission thus trespassing and violating Ms. Johnson's right to the sanctity of her home.

16.     Pam Turner and an unknown HCSO deputy unlawfully searched Ms. Johnson's home for Chris without probable cause, without a warrant, and without her permission thus trespassing and violating Ms. Johnson's right to the sanctity of her home.

17.     Pam Turner then continued to interrogate, assault, and harass Ms. Johnson unlawfully and in a threatening manner as to whether she knew the person in the picture without probable cause, without a warrant, and without her permission.

18.     Pam Turner's aggressive actions toward Ms. Johnson caused Ms. Johnson's dog to grow concerned about Ms. Johnson's welfare in the face of the threatening interrogation. Ms. Johnson's dog escaped his kennel and came into the kitchen where the unlawful interrogation was occurring.

19.     Pam Turner's threatening manner and unlawful actions provoked Ms. Johnson's dog who saw her as an imminent threat causing Ms. Johnson's dog to bite her in order to protect her owner, Ms. Johnson, from a threatening intruder into the house.  Ms. Johnson's dog did not attack the unknown HCSO deputy with Pam Turner who was not acting in a threatening manner toward Ms. Johnson.

20.     Ms. Johnson quickly removed the dog from the kitchen as quickly as possible and got Pam Turner a towel.

21.     When Ms. Johnson went outside the house where still other HCSO deputies were gathered, she overheard an unknown HCSO deputy ask the HCSO deputy with Pam Turner in the

house why he had not shot the dog.  The HCSO deputy that had accompanied Pam Turner into Ms.

Johnson's house illegally stated that he had not shot the dog because the dog had not acted in a

vicious manner coming into the kitchen but had only grown upset at Pam Turner's provocation.

22.     The HCSO deputies on the scene caused Animal Control to come and retrieve Ms.

Johnson's dog even though Ms. Johnson's dog had never left Ms. Johnson's house.

23.     Ms. Johnson's son, Chris, came home as Animal Control took Ms. Johnson's dog

away.  Chris talked to unknown HCSO deputies outside the house and told that that he did not

know the person in the picture they showed him.

**January 2017, Traffic Stops, Stalking, Harassment:**

24.     During the second week of January, 2017, Deputy Pam Turner saw Ms. Johnson

getting coffee at the Shell station on High Street in Jackson, Hinds County, Mississippi.  Pam

Turner took pictures of Ms. Johnson's car and began following, stalking, and harassing Ms.

Johnson in an attempt to serve her with a civil complaint and summons for alleged injuries she

received when she improperly and illegally entered Ms. Johnson's home on October 13, 2016.

Deputy Pam Turner also caused other deputies to stop Ms. Johnson unlawfully and for no proper

purpose while driving in an attempt to detain her long enough to have a constable serve her with

civil process.

25.     On January 19, 2017, Deputy Pam Turner caused an unknown HCSO deputy to

detain Ms. Johnson improperly and to run Ms. Johnson's drivers' license for outstanding warrants

when Ms. Johnson dropped her friend off at a Jackson location where Ms. Johnson's friend's sister

had been victimized in a domestic assault incident.  Pam Turner had no lawful cause to run Ms.

Johnson's driver's license but caused Ms. Johnson's driver's license for the purpose of harassing

Ms. Johnson and detaining her in order to have her served with a civil complaint and summons. Deputy Pam Turner abused her authority to unlawfully harass and detain Ms. Johnson. Ms. Johnson's driver's license came back clean, Ms. Johnson drove away.

26.     Right after Ms. Johnson drove away, Deputy Pam Turner caused multiple unknown HCSO deputies to stop and block Ms. Johnson's vehicle without any lawful cause. Another unknown HCSO deputy pulled up beside Ms. Johnson's to block the view of bystanders from witnessing the illegal stop. When Ms. Johnson asked why she had been stopped, an unknown HCSO deputy told her that Deputy Turner had told them to keep Ms. Johnson from leaving until she was served with civil process regarding the alleged injuries she received when she improperly and illegally entered Ms. Johnson's home on October 13, 2016. In other words, Deputy Turner and other HCSO deputies abused their authority under color of law and unlawfully detained Ms. Johnson for the sole purpose of improperly serving her with civil process. The Defendants knew or should have known that these actions violated Ms. Johnson's civil rights.

## COUNT I – 42 U.S.C. § 1983 CLAIMS

27.     Plaintiff realleges all allegations contained in the preceding paragraphs.

28.     All actions taken by the Defendants were made under color of law and were wrongful, malicious, and unwarranted.

29.     The Defendants knew or should have known that their actions were improper and violated the civil rights of Ms. Johnson.

30.     The Defendants acted willfully, knowingly, purposefully, and in abuse of their power with the specific intent to deprive Ms. Johnson of her right not to be stopped without warrant

or probable cause, of her right to be free from unlawful entry into her home, of her right to be free from unlawful interrogation, and of her right not to be detained unlawfully for improper purposes including that of being detained by deputies so that a deputy could have her served with civil process.

31.     In stopping, detaining, interrogating, and entering Ms. Johnson's home without a warrant, probable cause, or permission, Defendants knew or should have known that they were violating Ms. Johnson's constitutional rights.

32.     Defendants Victor Mason and Hinds County failed to adequately train, discipline, and supervise its deputies, including Pam Turner and the unknown deputies who took part in the violation of Ms. Johnson's constitutional rights.

33.     Defendants Victor Mason and Hinds County have the ministerial, non-delegable duty to ensure that the HCSO is operated in a fashion that protects the constitutional rights of the people within its jurisdiction and have failed in performing that duty in this instance.

34.     Plaintiff has sustained damages as a direct result of the actions of Victor Mason, the HCSO, Pam Turner, and John Does 1-10 who are deputies or personnel of the HCSO.

## COUNT II – STATE ACTION AT COMMON LAW

35.     Plaintiff realleges all previous allegations pertinent to claims at common law for false imprisonment, trespass, malicious civil prosecution, and abuse of legal process together with intentional infliction of emotional distress and/or negligent infliction of emotional distress.

36.     Defendants failed to exercise due care and failed to follow proper procedures and protocol, and in their failures, violated Plaintiff's rights at common law and under the Mississippi

Constitution and subjected Plaintiff to false imprisonment, trespass, malicious civil prosecution, and abuse of legal process without justification and for no proper purpose.

37.     Plaintiff sustained damages as a direct result of the actions of the HCSO and its deputies and/or personnel involved.

## COUNT III – MISSISSIPPI TORT CLAIMS

38.     Plaintiff realleges all previous allegations to a claim under the Mississippi Tort Claims Act.

39.     Defendants did intentionally and with wrongful purpose cause Plaintiff to be wrongfully stopped and interrogated on October 13, 2016.

40.     Defendants did intentionally and with wrongful purpose enter into Plaintiff's home without warrant for such premises, without probable cause, and without permission and continue to wrongfully interrogate Plaintiff about a person she had stated she did not know.

41.     Defendant Pam Turner did intentionally and with wrongful purpose stalk, harass and engage in malicious civil prosecution of Plaintiff and cause other unknown deputies to stalk, harass, unlawfully stop, detain, and falsely imprison Ms. Johnson for the purpose of serving Ms. Johnson with civil process.

42.     Defendants acted and caused others to act in such a way as to engage in malicious civil prosecution against Plaintiff.

43.     Defendants did intentionally and with wrongful purpose intentionally harass Plaintiff by causing an unknown deputy to run Ms. Johnson's license for outstanding warrants for Deputy Pam Turner's own personal and improper purposes.

44.     Undersigned counsel had a personal conversation with Major Pete Luke of the HCSO and also with Claire Barker, attorney with the Hinds County Sheriff's Office about these matters.

45.     Additionally, proper notice of the tort claims were delivered to the proper persons under the Mississippi Tort Claims act, as shown by the letter attached hereto as Exhibit A, which was then filed in the lawsuit filed by Pam Turner by counsel for the HCSO, Claire Barker.

46.     To date, Plaintiff has received no communication from the HCSO or any other Defendant about a resolution to the matter absent litigation.

47.     The actions of the County, the HCSO, its deputies and personnel involved, as a result of the harassment, wrongful detainment, false imprisonment, illegal traffic stops, illegal and wrongful entry into Plaintiff's home, stalking, and malicious civil prosecution, constitutes a reckless disregard for the rights of the Plaintiff and her federal and state constitutional rights.

48.     Defendants are liable to Plaintiff in damages in the least amount of $75,000 and at most the maximum allowed under the Mississippi Tort Claims Act.

## COUNT IV – DECLARATORY RELIEF

### (28 U.S.C. § 2201)

49.     Plaintiff realleges all of the previous paragraphs to the extent relevant as fully set forth in this claim.

50.     There presently exists an actual controversy within this Court's jurisdiction regarding whether or not Defendants' actions and inactions described are lawful, pursuant to the Fourth and Fourteenth Amendments to the U.S. Constitution.  Plaintiff is an interested party

because she was subject to actions and inactions described and, accordingly, seeks a declaration of her rights concerning the legality of those actions and inactions to which she was subject.

51.     As a direct and proximate result of Defendants' action sand inactions, Plaintiff suffered injuries entitling her to receive declaratory and injunctive relief against Defendants.

## LIABILITY OF INDIVIDUAL DEFENDANTS

52.     Plaintiff realleges all of the previous paragraphs above as each pertains to the actions of the individual named Defendants and unknown deputies and HCSO personnel, John Does 1-10.

53.     Defendant Pam Turner and presently unknown officers did illegally and wrongfully detain, interrogate, falsely imprison, harass, stalk, stop, and engage in malicious civil prosecution against Plaintiff.

54.     As a direct result of the Defendants' wrongful acts, Plaintiff has suffered damages as stated herein.

## DAMAGES

55.     As a direct and proximate result of the actions of the Defendants, Plaintiff has suffered false imprisonment, loss of freedom, harassment, stalking, an attack on her freedom to move about freely, the breach of sanctity in her home, humiliation, and mental and emotional distress.

56.     Plaintiff is entitled to recover from the County, the HCSO and all the individuals involved all damages, actual and punitive, for false imprisonment, wrongful detainment, wrongful interrogation, stalking, harassment, wrongful entry into her home, and malicious civil prosecution.

57.     Plaintiff has incurred attorney's fees and other costs in the defense of the malicious and unwarranted suit filed by Deputy Pam Turner.  Plaintiff is entitled to recover her attorney's fees and other expenses related to said wrongful actions of the Defendants.

58.     Plaintiff will be forced to incur substantial obligations, losses and expenses in the future for attorney's fees and other costs attributable to said wrongful actions for which Plaintiff is entitled to recover reimbursement.

**JURY DEMAND**

59.     Plaintiff demands trial by jury.

**RELIEF REQUESTED**

WHEREFORE, PREMISES CONSIDERED, and incorporating all preceding paragraphs by reference herein, Plaintiff seeks the following relief:

I.      Actual and compensatory damages sufficient to make her whole;

II.     Punitive damages against Defendants sufficient to punish then and to deter further wrongdoing;

III.    Injunctive relief sufficient to protect Plaintiff and her family from continued harassment;

IV.     A declaratory judgment that Defendants violated the civil rights of Plaintiff;

V.      A judgment finding that Defendants falsely imprisoned Plaintiff; trespassed into her home; engaged in malicious civil prosecution, and abuse of legal process together with causing intentional infliction of emotional distress and/or negligent infliction of emotional distress against the Plaintiff;

     VI.     Attorney's fees, litigation expenses, costs, pre- and post-judgment interest as provided by law; and

     VII.    Such other further relief as the Court deems just and proper.

     DATED, this the 28th day of December, 2017.

                   Respectfully Submitted,

                   SHANTELL JOHNSON

By:     _Laura M. Glaze_

                   Laura M. Glaze (MSB # 100625)

OF COUNSEL:
MacNeill, McKay & Gay, PLLC
582 Lakeland East Dr, Suite B
Flowood, Mississippi 39232-9025
Telephone: (601) 936-2800
Facsimile: (601) 936-2801
E-mail: lglaze@mmgms.com